UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SUSAN A. KING, )<br><br>Plaintiff, )<br><br>v. )<br><br>PMI-EISENHART, LLC, ACOSTA SALES )<br>AND MARKETING, INC., ACOSTA SALES )<br>AND MARKETING COMPANY, ACOSTA )<br>SALES AND MARKETING, ACOSTA SALES )<br>AND MANAGEMENT, and ACOSTA, INC., )<br><br>Defendants. ) | Case No.<br><br>FILED: JANUARY 23,  2009<br>09 CV 456<br>JUDGE GETTLEMAN<br>MAGISTRATE JUDGE NOLAN<br>YM |

## COMPLAINT

Plaintiff, SUSAN A. KING, by and through her attorneys Nicholas F. Esposito, Bradley

K. Staubus, and John P. Calabrese, and for her complaint against Defendants PMI-EISENHART,

LLC, ACOSTA SALES AND MARKETING, INC., ACOSTA SALES AND MARKETING

COMPANY, ACOSTA SALES AND MARKETING, ACOSTA SALES AND

MANAGEMENT, and ACOSTA, INC., alleges the following:

### Jurisdiction, Venue, and Parties

1.      This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as

amended (42 U.S.C. § 2000e, *et seq.*), the Age Discrimination in Employment Act of 1967 as

amended (29 U.S.C. § 621, *et seq.*), and the Equal Pay Act as enacted as part of the Fair Labor

Standards Act of 1938 as amended (29 U.S.C. § 201, *et seq.*)

2.      This action is brought under 28 U.S.C. § 1331 because this action arises under the

laws of the United States, and §1343(4) because this action arises from an Act of Congress for

the protection of civil rights. The jurisdiction of this Court is invoked to secure protection of and

redress deprivation of rights guaranteed by federal law, which rights provide for damages,

injunctive and other relief for illegal discrimination in employment.

3.    Venue in this district is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) and (c) because the unlawful employment practices occurred in this district and the Defendants have their do business in this judicial district.

4.    Plaintiff is an adult female individual, over the age of 40 years, and citizen of the State of Illinois, and who currently resides within this judicial district.

5.    Defendants PMI-Eisenhart, LLC, Acosta Sales and Marketing, Inc., Acosta Sales and Marketing Company, Acosta Sales and Management, Acosta Sales and Marketing, and Acosta, Inc. (collectively "Acosta Defendants") do business in the State of Illinois as Acosta Sales and Marketing at 655 W. North Ave., Lombard, IL.

6.    At all times relevant hereto, Acosta Defendants are and were engaged in their business services with more than twenty (20) full-time employees.

7.    At all times relevant hereto, Plaintiff worked for the Acosta Defendants as Business Manager.

8.    Plaintiff timely filed her charges with the Equal Employment Opportunity Commission ("EEOC") alleging sexual discrimination, age discrimination, and retaliation.

9.    On October 30, 2008 the EEOC mailed its right to sue letter to Plaintiff. Plaintiff timely filed suit within the requisite ninety (90) days of receipt of the right to sue letter.

10.    Plaintiff exhausted her federal administrative remedies and, under U.S.C. §2000e-5(f), has standing to file this civil action against Defendant.

### Count I
### Sexual Discrimination and Harassment

11-20. Plaintiff repeats and realleges paragraphs 1 through 10 as paragraphs 11 through 20 herein.

2

21.     The Acosta Defendants subjected plaintiff to sexual discrimination in that her supervisors gave her less advantageous terms and conditions of employment than given to male employees.

22.     The Acosta Defendants denied plaintiff opportunities and refused to give plaintiff opportunities offered to similarly-situated male employees.

23.     The Acosta Defendants paid similarly situated male employees more for the same work.

24.     The Acosta Defendants subjected plaintiff to sexual harassment and a hostile work environment because of her gender. The Acosta Defendants created the demeaning message that female employees were viewed by management as "sexual playthings" and that the only way to succeed was to accept the sexual advances of management and male co-workers. Plaintiff was repeatedly subjected to unwanted sexually suggestive conduct and comments during her employment, including but not limited to: love sonnets from a male business manager; a photo of the same male business manager in a trench coat and underwear; the male business manger telling her "the 'C' word, you know what I am talking about"; the male business manager giving her a bag that contained a vibrator and a porno tape and stating "now that you are divorced you are going to need this"; the head of the Chicago office telling her that he had a dream about her and remembers lifting up her hair and kissing her neck; her male supervisor commenting about her curly hair and that the head of the Chicago office "likes your curly hair"; her male supervisor telling her, "Oh, you have on a skirt, watch how many times [the head of the Chicago office] walks by your office"; and, comments that the head of the Chicago office "had the hots" for her.

25.     The Acosta Defendants refused to address plaintiff's complaints of sexual

3

discrimination and sexual harassment. The Acosta Defendants subjected plaintiff to retaliation because plaintiff complained about and refused to accept the sexual favoritism and sexually charged work environment which existed.

26.     The Acosta Defendants engaged in a pattern and practice of unlawful sexual discrimination and harassment by subjecting Plaintiff to a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, which created an intimidating, oppressive, hostile and offensive work environment that interfered with Plaintiffs' emotional well-being, and engaged in retaliation for plaintiff's complaints in regards to the wrongful conduct causing Plaintiff to be constructively discharged.

29.     The Acosta Defendants failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate sexual harassment and discrimination from the workplace and to prevent it from occurring in the future. 42 U.S.C. § 2000e.

30.     As a direct and proximate result of The Acosta Defendants' discrimination against Plaintiff, she has suffered and will continue to suffer damage including loss of wages and benefits, liquidated damages, front pay, pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

31.     The willful nature of the violations, committed with malice or reckless indifference to the federally protected rights of Plaintiff, warrant statutory punitive damages pursuant to 42 U.S.C. § 1981a(b)(1).

32.     Plaintiff seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

WHEREFORE, Plaintiff prays for judgment in her favor and against The Acosta

4

Defendants and asks that the court award her direct and consequential damages, lost wages and benefits, liquidated damages, front pay, back pay, punitive damages pursuant to 42 U.S.C. § 1981a(b)(1), reasonable statutory attorneys' fees, expert witness fees, and costs, and such other relief as the Court may find appropriate.

## Count II
## Equal Pay

33-42. Plaintiff repeats and realleges paragraphs 1 through 9 as paragraphs 33 through 42 herein.

43.     The Acosta Defendants subjected plaintiff to sexual discrimination in that her supervisors gave her less advantageous terms and conditions of employment than given to male employees.

44.     The Acosta Defendants denied plaintiff opportunities and refused to give plaintiff opportunities offered to similarly-situated male employees.

45.     The Acosta Defendants paid similarly situated male employees more for the same work.

46.     The Acosta Defendants engaged in a pattern and practice of unequal pay between similarly situated male and female workers in violation of the Equal Pay Act. The Acosta Defendants failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate unequal pay based on gender from the workplace and to prevent it from occurring in the future.

47.     As a direct and proximate result of The Acosta Defendants' pattern and practice of unequal pay between similarly situated male and female workers, Plaintiff has suffered and will continue to suffer damage including loss of wages and benefits, liquidated damages, and back pay.

5

48.     Plaintiff seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

WHEREFORE, Plaintiff prays for judgment in her favor and against The Acosta Defendants and asks that the court award her, lost wages and benefits, liquidated damages, back pay, reasonable statutory attorneys' fees, expert witness fees, and costs, and such other relief as the Court may find appropriate.

### Count III
### Age Discrimination

49-58. Plaintiff repeats and realleges paragraphs 1 through 9 as paragraphs 49 through 58 herein.

59.     The Acosta Defendants subjected plaintiff to age discrimination in that her supervisors gave her less advantageous terms and conditions of employment than given to younger employees.

60.     The Acosta Defendants denied plaintiff opportunities and refused to give plaintiff opportunities offered to similarly-situated younger employees.

61.     The Acosta Defendants paid similarly situated younger employees more for the same work.

62.     The Acosta Defendants refused to address plaintiff's complaints of age discrimination.    The Acosta Defendants subjected plaintiff to retaliation because plaintiff complained about and refused to accept the age discrimination which existed.

63.     The Acosta Defendants engaged in a pattern and practice of unlawful age discrimination in violation of Age Discrimination Employment Act, which created an intimidating, oppressive, hostile and offensive work environment that interfered with Plaintiffs' emotional well-being, and engaged in retaliation for plaintiff's complaints in regards to the

6

wrongful conduct causing Plaintiff to be constructively discharged.

64.     The Acosta Defendants failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate age discrimination from the workplace and to prevent it from occurring in the future.

65.     As a direct and proximate result of The Acosta Defendants' discrimination against Plaintiff, she has suffered and will continue to suffer damage including loss of wages and benefits, liquidated damages, front pay, pain and suffering, and extreme and severe mental anguish and emotional distress.   Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

66.     The willful nature of the violations, committed with malice or reckless indifference to the federally protected rights of Plaintiff, warrant statutory punitive damages pursuant to 42 U.S.C. § 1981a(b)(1).

67.     Plaintiff seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

WHEREFORE, Plaintiff prays for judgment in her favor and against The Acosta Defendants and asks that the court award her direct and consequential damages, lost wages and benefits, liquidated damages, front pay, back pay, punitive damages pursuant to 42 U.S.C. § 1981a(b)(1), reasonable statutory attorneys' fees, expert witness fees, and costs, and such other relief as the Court may find appropriate.

JURY TRIAL IS DEMANDED FOR ALL COUNTS.

Respectfully submitted,
Susan A. King,
Plaintiff

/s/ Nicholas F. Esposito
One of Plaintiff's Attorneys

Nicholas F. Esposito
Bradley K. Staubus
John P. Calabrese
Esposito & Staubus
7055 Veterans Blvd., Unit B
Burr Ridge, IL 60527
(312) 346-2766